BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, Plaintiff and Appellee, *v.* FRANK A. CRESCIONI, Defendant and Appellant.

No. 4380.   Argued November 20, 1928.—Decided May 31, 1929.

*Juan B. Soto* for the appellant.   *Juan de Guzmán Benítez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendant and appellant, Frank A. Crescioni, wrote a letter to the plaintiff bank wherein he instructed it upon certain conditions to pay to M. González García a sum of money.   The bank paid out the money and when the said Crescioni refused to reimburse the bank the latter brought suit and recovered the judgment from which the appeal is taken.

It is unnecessary to consider the various assignments of error in great detail.   The court was perhaps wrong in several minor matters, namely, whether certain merchandise had

actually been shipped or in characterizing the defense of the defendant. Likewise we shall not consider the form of payment made by the bank because the essential proposition presented for decision is whether the letter of Crescioni to the bank was a sufficient order for the payment.

The letter in question instructed the bank to pay out the money upon presentation of a draft, a bill of lading, a certified consular invoice of merchandise (*factura*), and likewise an insurance policy if the merchandise was shipped by schooner (*goleta*). The merchandise, consisting of railroad ties (*traviesas*), was to be shipped from Santo Domingo. It never arrived. A complete fraud was perpetrated by M. González García.

The appellant said in his answer that the recited documents did not accompany the draft. In discussing the third assignment of error the appellant says that he was maintaining that it was the duty of the plaintiff bank to ascertain that the documents presented to it, and especially the bill of lading, were good and valid.

The court found and the evidence tended to prove that a bill of lading, a consular certificate and an insurance policy, all in apparent good form, were presented to the bank. At the trial all the signatures to the documents were duly proved. Hence the question arose whether it was the duty of the bank upon the presentation of the documents to ascertain whether the bill of lading represented an actual shipment. We can not hold that such a duty arose.

Everyone knows what the ordinary business of a banker is. Among other things, it pays out money from actual deposits or when the customer has a credit with the bank. When a person like Crescioni gives an order upon a bank to pay out money upon the presentation of certain documents by a certain definitely named person, in this case González García, and that person presents himself at the bank with

documents that are perfect in form and duly certified and the bank pays out the money the person at whose request the money is paid out becomes responsible. He is the one who set in force the various movements that led to the payment to a definitely named person.

While it transpired that M. González García was a fraud, never shipped the goods and imposed on the authorities and others in Santo Domingo, yet the order on the bank was a sufficient authority for the latter. It was Crescioni who made it possible for M. González García to practice his deception. In other fields of the law as between two innocent persons the one who makes a fraud or a deception possible is the one to suffer. For example, a fraudulent sale where the vendor parts with the possession and the sale is voidable. Then the principle is and is so stated by Benjamin on Sales, Seventh American Edition 409 *et seq.*, par. 433: "But in the meantime, if his vendee transfer the goods in whole or in part, whether the transfer be of a general or a special property in them, to an innocent third person for a valuable consideration the rights of the original vendor will be subordinate to those of such innocent third person." The reason for the rule is the same.

Cases of false checks are not applicable. The order in this case clearly emanated from the defendant.

We can not hold that the bank should constitute itself into an agent of Crescioni. His reliance was González García, to determine the validity of a bill of lading.

The argument *ab inconvenienti* is said to be the weakest in logic and yet it sometimes is available. If a bank was bound to make the inquiries suggested, transactions through bills of lading and the credits arising thereunder would be rendered exceedingly difficult.

The judgment will be affirmed.